UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| Devon C. Williams, | ) | CASE NO. 1:23 CV 2387 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| CoreCivic, Inc., et al., | ) | |
| | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendants' Motion for Summary Judgment (Doc. 27). This is a prisoner's rights case. For the reasons that follow, Defendants' Motion for Summary Judgment is GRANTED.

**FACTS**

Plaintiff Devon C. Williams ("Williams" or "Plaintiff") is an inmate in the custody of the State of Ohio. Williams alleges in this case that on or about December 16, 2022, while he was residing at the Lake Erie Correctional Institution, he asked Sergeant Wygant to allow him to speak with an officer at the facility, either a captain or the Warden. According to Williams, while attempting to wait for the officer, Sergeant Wygant, Corrections Officer Jones, and Corrections Officer Robinson used excessive force to restrain Williams. Williams was then taken to medical, where he claims he requested x-rays, but the medical staff refused. After visiting medical, Williams alleges that he was taken to a segregation cell where he stayed for seven hours without being provided any food. He was

then moved to a "Temporary Housing Unit" for seven days, where he claims he was not provided access to hygiene supplies during that time, despite requesting it from correctional officers.

On December 14, 2023, Williams, represented by counsel, filed a two-count complaint against defendants Core Civic, Inc., Acting Warden Misty Mackey, Sergeant Wygant, Corrections Officer Jones, and Corrections Officer Robinson[1] (collectively, "Defendants"). In Count I, Williams alleges excessive force, deliberate indifference, and conditions of confinement claims against all Defendants in violation of his Eighth Amendment rights. In Count II, Plaintiff alleges a state-law negligence claim for negligent training, supervision, discipline, staffing, and retention related to the alleged use of excessive force and denial of hygiene products while William was kept in the Temporary Housing Unit. Defendants now move for summary judgment entered in their favor on both counts. Plaintiff has not filed any opposition to Defendants' motion.[2]

**STANDARD OF REVIEW**

"[W]hen faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (6th Cir. 2013); *see also Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 380–81 (6th Cir. 2011) ("[A] district court cannot grant summary judgment in favor of a movant

---

[1] Williams did not allege the first names of either Sergeant Wygant, Corrections Officer Jones, or Corrections Officer Robinson.

[2] Defendants filed their motion on September 30, 2024. Any opposition was due by October 30, 2024. LR 7.1(d). To date, Plaintiff has filed neither an opposition nor a motion requesting an extension of time to file any opposition. Accordingly, this Court considers Defendants' motion unopposed.

simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." (quoting *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir. 1991))).

On a motion for summary judgment, the moving party has the burden of pointing to evidence that establishes that "there is no genuine dispute as to any material fact[.]" Fed. R. Civ. P. 56(a); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In the absence of an opposition to a motion for summary judgment, "[t]he court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact." *Jones v. Kimberly-Clark Corp.*, 2000 WL 1800475, at *3 (6th Cir. 2000). Further, "when a motion for summary judgment is unopposed, '[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record.'" *Din Malik v. Landstar Express Am.*, 2021 WL 6063647, at *3 (E.D. Mich. Dec. 22, 2021) (quoting *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 405 (6th Cir. 1992)).

**ANALYSIS**

This Court has reviewed Defendants' unopposed motion and finds it fully supported by the law and evidence. In particular, there is no evidence that Williams exhausted the administrative remedies available for his Eighth Amendment claims. Pursuant to the Prison Litigation Reform Act ("PLRA"), before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must exhaust all available administrative remedies. 42 U.S.C. § 1997e. Because Williams failed to exhaust his administrative remedies prior to filing his complaint, his Eighth Amendment claims must be dismissed and Defendants are entitled to judgment entered in their favor on Count I. *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

Having dismissed Williams' federal claims, this Court declines to exercise supplemental jurisdiction over the state-law negligence claims. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well."). But even if this Court did exercise its discretion to hear Williams' negligence claims, they would fail because Williams has not disclosed any expert testimony to establish the appropriate standard of care for his claims in a corrections setting. *See Porter v. Ariz. Dep't of Corr.*, 2012 WL 7180482, at *3 (D. Ariz. Sept. 17, 2012) ("Correction officers have to manage potentially dangerous individuals living in close proximity to each other. The standard of care required in such an environment is 'a matter beyond the ken of the average juror that requires expert testimony.'" (quoting *Clark v. District of Columbia*, 708 A.2d 632, 634 (D.C. Ct. App. 1997)).

Accordingly, defendants' unopposed motion, which is fully incorporated in this Memorandum of Opinion and Order, is granted for the reasons stated therein.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgement (Doc. 27) is GRANTED.

IT IS SO ORDERED.

                                          /s/ Patricia A. Gaughan
                                       PATRICIA A. GAUGHAN
                                       United States District Judge

Dated: 11/13/24